JORDAN, Circuit Judge,
concurring.
I concur in the judgment denying federal habeas corpus relief to Mr. McWilliams. My reasons aré as follows.
• The ineffective assistance of counsel claim based on the denial of the continuance of the sentencing hearing was not exhausted under 28 U.S.C. § 2254(b)(1) because Mr. McWilliams did not present it in his petition for discretionary review to the Alabama Supreme Court. See O’Sullivan v. Boerckel, 526 U.S. 838, 845, 119 S.Ct. 1728, 144 L.Ed.2d 1 (1999).
• The ineffective assistance of counsel claim related to the investigation and presentation of mitigating evidence at the penalty phase fails because counsel conducted a competent mental health- investigation; had Mr. McWilliams evaluated not once, but twice; and presented mitigating evidence (including Dr. Goffs report) at the sentencing hearing. See Bobby v. Van Hook, 558 U.S. 4, 9-12, 130 S.Ct. 13, 175 L.Ed.2d 255 (2009).
• The claim based on a violation of Griffin v. California, 380 ,U.S. 609, 85 S.Ct. 1229, 14 L.Ed.2d 106 (1965), is a close one, as shown by the fact that two judges on the Alabama Court of Criminal Appeals sided with Mr. McWilliams. See McWilliams v. State, 640 So.2d 982, 1014 (Ala.Cr. App.1991) (Bowen, J., dissenting in part). But given AEDPA deference, the finding by the Court of Criminal Appeals that the *712 prosecutor’s argument was not a comment on Mr. McWilliams’ right to remain silent was a reasonable application of Griffin.
• The claim based on Ake v. Oklahoma, 470 U.S. 68, 105 S.Ct. 1087, 84 L.Ed.2d 53 (1985), is also close, for the reasons outlined in Judge Wilson’s dissent. At the end of the day, however, I think the claim fails. First, the Supreme Court has not addressed whether Ake is satisfied by the court appointment of a neutral mental health expert. As a result, I cannot say that the Court of Criminal Appeals unreasonably applied, or ruled in a way that was contrary to, Ake. See Woods v. Donald, — U.S. -, 135 S.Ct. 1372, 1377, 191 L.Ed.2d 464 (2015). Second, I do not think Mr. McWilliams has shown a “substantial and injurious effect” from any Ake violation. See Fry v. Pliler, 551 U.S. 112, 119-20, 127 S.Ct. 2321, 168 L.Ed.2d 16 (2007). I reach this conclusion in part because Mr. McWilliams did not present Dr. Goff as a witness at the state post-conviction hearing. Given this void in the record, it is difficult for me to conclude that Mr. McWilliams has met his burden on prejudice, as we do not know how additional time with Dr. Goff (and his report) would have benefited the defense. My point is not that a capital defendant must always present the testimony of his medical expert at a post-conviction hearing to prove prejudice under Ake. It is, instead, that in this case Dr. Goffs absence is one of the reasons that Mr. McWilliams cannot show a “substantial and injurious effect.”